UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DMITRY KRYUCHKOV, <br><br> Plaintiff, <br><br> v. <br><br> SPAIN STREET LLC, <br><br> Defendant. | CASE NO. C19-876 MJP <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL, DECLINING TO SERVE AND GRANTING LEAVE TO AMEND |

Plaintiff has filed a *pro se* complaint employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17. Dkt. No. 4. Before the Court directs that a complaint be served on the Defendant, it must screen the complaint to ensure that the alleged facts state viable claims against proper defendants. The Court has screened plaintiff's complaint and identified deficiencies that plaintiff must correct before the Court will order service. The Court finds and ORDERS:

(1) Plaintiff was formerly employed at Steelhead Diner. He names as defendant Spain Street LLC. Plaintiff alleges that between October 2018 and April 27, 2019, he was

1 subjected to discriminatory treatment by personnel at the restaurant, which consisted of the

2 manager and the chef of the establishment repeatedly referring to him as "D-Train." Plaintiff

3 asserts that this represented discrimination against him on the basis of his national origin

4 (Russian). Dkt. No. 1-1.

5   (2) Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to

6 service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii).

7 To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a

8 claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The

9 factual allegations must be "enough to raise a right to relief above the speculative level." Bell

10 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it

11 lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory.

12 Zixiang v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013).

13   The Court holds *pro se* plaintiffs to less stringent pleading standards than represented

14 plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff.

15 Erickson v. Pardus, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but

16 requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."

17 Lopez v. Smith, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint

18 under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear

19 that the deficiencies of the complaint could not be cured by amendment." Cato v. United States,

20 70 F.3d 1103, 1106 (9th Cir. 1995).

21   (3) Plaintiff's complaint is deficient for at least the following reason: (a) It is entirely

22 unclear how even the repeated use of the term "D-Train" constitutes an act of discrimination on

23 the basis of Plaintiff's national origin. Plaintiff alleges no other acts or statements. (b) It is not

24

clear what the relationship of Defendant Spain Street LLC is to the Steelhead Diner or to the manager and chef who are alleged to have taken part in the name-calling, nor are there any allegations that Defendant Spain Street LLC directed the actions of the accused individuals or was even aware of the actions of which Plaintiff complains.

(4) Based on the foregoing, the Court DECLINES to direct that plaintiff's complaint be served and GRANTS him leave to file an amended complaint **within 30 days** of the date this Order is signed. **If no amended complaint is timely filed or if plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.**

The amended complaint must carry the same case number as this one. Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See* Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the defendant(s), the constitutional or federal statutory claim(s) asserted, the specific facts that plaintiff believes support each claim, and the specific relief requested.

Additionally, Plaintiff has filed a motion to appoint counsel. Dkt. No. 6. Generally, a person has no right to counsel in civil actions. *See* Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). A court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but an appointment of counsel should only be granted under "exceptional circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

pro se in light of the complexity of the legal issues involved." <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff contends that the use of the term "D-Train" constituted discrimination against him on the basis of his national origin. Plaintiff's complaint evinces little likelihood of success on the merits and Plaintiff has shown an ability to articulate his allegations in a lawsuit. Plaintiff has not, therefore, presented exceptional circumstances that would justify the appointment of counsel. The motion to appoint counsel is therefore DENIED.

The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint.

The clerk is ordered to provide copies of this order to Plaintiff.

Dated June 12, 2019.

Marsha J. Pechman
United States Senior District Judge