UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DMITRY KRYUCHKOV, | CASE NO. C19-876 MJP |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| SPAIN STREET LLC, et al., | |
| Defendants. | |

The Court, having received and reviewed Plaintiff's Amended Complaint (Dkt. No. 8), enters the following order:

IT IS ORDERED that Plaintiff's complaint is DISMISSED with prejudice.

**Background**

On June 12, 2019, the Court entered an Order Denying Motion to Appoint Counsel, Declining to Serve and Granting Leave to Amend. Dkt. No. 7. The Court identified two areas of concern in Plaintiff's original complaint that he was ordered to address by way of amendment or face possible dismissal of his action: (1) There was no logical or apparent connection between

his complaint of the repeated use of the nickname "D-Train" by the chef and general manager at his job and his allegations of discrimination on the basis of national origin; and (2) there was nothing in his pleading to establish a connection between the defendant Spain Street LLC and his former employer, the Steelhead Diner. Id. at 2-3. Plaintiff was given 30 days to file an amended complaint addressing these deficiencies (Id. at 3) and on June 27, 2019 he filed an amended complaint. Dkt. No. 8.

**Discussion**

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. Zixiang v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." Lopez v. Smith, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court pointed out with some specificity the major defect in Plaintiff's original pleading – namely, his failure to establish a connection between the repeated use of the nickname "D-Train" and his claim that he had been subjected to discrimination on the basis of his national origin (Russian). In response, Plaintiff merely repeated the allegation in his amended complaint and attached a "personal statement" in which he explained:

> The defense position lies in the fact that they used D-train word instead of my original name Dmitry, although the plaintiff repeatedly asked them to stop calling him that. In slang, D-train could have absolutely different meanings. D-train could mean (both some offensive words) and the person (who is large in size). Based on the abovementioned, it may be concluded that (Anthony Pollizi) and (Brian Proksh) experienced personal enmity toward the plaintiff due to his national feature (because he is Russian).

Dkt. No. 8, Amended Complaint at 7.

The fact that Plaintiff may have found a nickname offensive and unsuccessfully requested his co-workers to stop using it is unfortunate and may even have made his work environment uncomfortable and unpleasant, but it does not establish that the conduct of which he complains was the product of ethnic animosity. There is nothing about the phrase "D-Train" that bears the slightest connection to Plaintiff's Russian heritage or can in any sense be viewed as an ethnic slur. Without some logical connection to evidence of ethnic bias, it is simply a name that Plaintiff did not like and that his co-workers would not stop using. This is not the basis for a federal lawsuit.

Plaintiff has been given an opportunity, and failed, to amend his complaint to state a legitimate claim for relief in federal court. It is apparent that further amendment of this complaint would be futile, and on that basis this case will be dismissed with prejudice.

The clerk is ordered to provide a copy of this order to Plaintiff.

Dated July 11, 2019.

Marsha J. Pechman
United States Senior District Judge